**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAMELA MCCOLLOCH,**

        **Plaintiff,**

-vs-                                              **Case No. 6:02-cv-1403-Orl-28JGG**

**ORANGE LAKE COUNTRY CLUB, INC.,**
**ORANGE LAKE COUNTRY CLUB**
**REALTY, INC.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RESPONSE TO MOTION TO TAX COSTS (Docket No. 169)** |
| **FILED:** | **March 5, 2004** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

**I.    Background**

On February 13, 2004, after a six-day trial, the jury reached a verdict in favor of the Defendants, Orange Lake Country Club, Inc., and Orange Lake Country Club Realty, Inc., finding that the Plaintiff, Pamela McColloch ["McColloch"], had not been subjected to a hostile or abusive work environment because of her sex or gender. Docket No. 160 at 2. (The court had previously entered a directed verdict against McColloch on a retaliation claim. Docket No. 195 at 8.) On February 27,

2004, the Clerk taxed costs in favor of the Defendants in the amount of $28,072.23. Docket No. 167.

On March 5, 2004, McColloch filed a response to the bill of costs, objecting on various grounds to a substantial portion[1] of the amount taxed. Docket No. 169. The Court treats McColloch's response as a motion. On March 11, 2004, the Defendants filed their response to McColloch's objection. Docket No. 171. Shortly thereafter, McColloch filed an appeal [Docket No. 191] regarding her retaliation claim, only, to the United States Court of Appeals for the Eleventh Circuit, which ultimately affirmed the decision of the trial court [Docket No. 195]. McColloch did not object to the supplemental bill of costs [Docket No. 193] filed by the Defendants after resolution of the appeal. Accordingly, only the original bill of costs remains at issue.

## II.   The Law

A prevailing party may recover costs *as a matter of course* unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54 (d)(1).[2]  Congress has delineated which costs are recoverable under Rule 54 (d), Fed. R. Civ. P. *See* 28 U.S.C. § 1920;[3] *see also Crawford Fitting Co.*

---

[1] McColloch did not total the amounts to which she objected.

[2]   Fed.R.Civ.P. 54 (d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[3]   Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

*v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987). When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *See Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *declined to follow on other grounds by EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford*, 482 U.S. at 440-44. The Court may not tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44; *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir.1996); *Desisto*, 718 F.Supp. at 911.

Congress has also established the fees payable to a witness, and the extent to which those fees are included in awardable costs. 28 U.S.C. § 1821; *see Crawford,* 482 U.S. at 437. When a prevailing party seeks reimbursement for fees paid to its own expert witnesses — as opposed to those appointed by the court — "a federal court is bound by the limit of 28 U.S.C. §1821 (b), absent contract or *explicit* statutory authority to the contrary." *Crawford*, 482 U.S. at 442 (emphasis added); *see Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). Section 1920 (3)'s provision for the costs of witness fees is specifically limited by § 1821. *See Crawford*, 482 U.S. at 441 - 42; *see also Kivi v. Nationwide Mutual Insurance Company*, 695 F.2d 1285, 1289 (11th Cir. 1983); *Loughan v. Firestone Tire & Rubber Company*, 749 F.2d 1519, 1526 (11th Cir. 1985)

---

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

(upholding a denial of expert witness fees in excess of those awardable under § 1821 in a products liability diversity case).

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2); *EEOC*, 213 F.3d at 620; *see Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Even though §1920(2) does not specifically use the word "deposition," deposition transcript costs (like costs for other transcripts) are taxable only if the deposition was "necessarily obtained" for use in the case. *EEOC*, 213 F.3d at 621. District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981).

Deposition costs of witnesses on a losing party's witness list are generally considered taxable. *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d at 1225. In addition, deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition. *EEOC*, 213 F.3d at 621.

**III.   Application**

McColloch objects to some or all of the costs taxed in six broad areas. For ease of reference, the Court will utilize those same six areas in analyzing her objections.

**A.   Fees for Service of Summons and Subpoenas**

McColloch objects to the $20 "priority fee" for service on Donna Draves and Debra Bean. Docket No. 169 at 1 - 2. She also objects to the "priority rush fees" for service on Swart Beamruk & Company, LLP ["Swart Beamruk"]; Todd Schoening; Denise Murray; Pierre Lubold; Dr. Herndon

Harding; Robert Lessne; and the University of Chicago. Docket No. 169 at 2. Because the invoices applicable to the latter group — Swart Beamruk through the University of Chicago — did not separate out the "priority rush fee" from the underlying cost of service, McColloch objects to the entire amount incurred for service. Docket No. 169 at 2. In support of these objections, McColloch offers nothing other than an assertion that the fees to which she objects are not taxable under 28 U.S.C. § 1920. Docket No. 169 at 1.

In response, the Defendants describe how each of the served entities possessed information relevant to the case, and the reason that rush service was required. Docket No. 171 at 2 - 7. For example, the Defendants assert that they believed that Draves — an attorney who represented the former lover of McColloch's partner, Denise Murray — possessed documents relevant to the emotional distress McColloch said she suffered as a result of the Defendants' actions. Docket No. 171 at 2 - 3. The Defendants contended that Murray was the source of any such distress, not the Defendants. Docket No. 171 at 3. After Murray refused to produce the documents, the Defendants say, they were forced to subpoena them from Draves on a rush basis to insure that they had them in hand prior to Murray's deposition. Docket No. 171 at 3.

The Defendants recount similar experiences with regard to the other listed entities, requiring rush service on Swart Beamruk (McColloch's accounting firm), Schoening (McColloch's therapist), Lubold (a psychologist who tested McColloch), Dr. Harding (McColloch's forensic psychiatry expert), Lessne (another of McColloch's experts), the University of Chicago (a school where Lessne studied) and Bean (records custodian for Vacation Villas, one of McColloch's subsequent employers). Docket No. 171 at 4 - 7.

The Defendants have withdrawn their request for the $59 rush service fee in regard to service on Denise Murray. Docket No. 171 at 5. Obviously, this amount should not be charged to McColloch. After reviewing the Defendants' explanations, however, the Court finds that the remaining rush service fees were reasonably incurred, and should be allowed.

McColloch objects to a $40 fee for "surveillance time" charged by the process servers for effectuating service on Denise Murray, citing *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1299 (M.D.Fla. 2000). Docket No. 169 at 2. However, in the *George* case the court declined to award a fee for "investigative services" because "the Plaintiff . . . failed to explain the need for such services." *George*, 114 F.Supp.2d at 1299. In this case, the Defendants explain in their memorandum and an affidavit that the surveillance time was reasonably incurred while trying to serve Denise Murray, who was attempting to avoid service. Docket No. 171 at 8. The surveillance time fee should be allowed under 28 U.S.C. § 1920(1) (fees of marshal).

McColloch also objects to service fees for the following entities on the ground that their testimony was not reasonably necessary for trial: Donna Draves, Pierre Lubold, Florida School of Addiction and Debra Bean. Docket No. 169 at 3. McColloch does not explain her belief that the testimony of these four entities was not reasonably necessary for trial. The Defendants respond that all four entities were subpoenaed to produce documents they possessed, rather than for trial. Docket No. 171 at 2 - 3, 5, 7 - 9. The Court finds that the subpoenas were reasonably necessary for this litigation, and the service fees associated with them should be allowed. Thus, in this category, a total of $59 should be deducted from the amount originally sought by the Defendants.

### B.     Fees of the Court Reporter

McColloch contends that the Defendants improperly seek $1,368.65 in costs for the preparation of a number of condensed deposition transcripts and for floppy disks and CDs of the depositions, as well as for Federal Express fees for their delivery. Docket No. 169 at 3. The Defendants have withdrawn their request for reimbursement for the $282.15 in Federal Express fees, but defend the condensed transcripts, floppy disks and CDs as "necessary to litigating the case in today's technologically advanced trial practice." Docket No. 171 at 9 - 10. Although Defendants offer no precedent in support of their contention that such tools are necessary, the Court agrees with the Defendants. Efficient document management and presentation saves compensable attorney's fees and judicial resources. In today's litigation in federal court, they are necessary to litigate the case. The costs associated with them — other than the withdrawn Federal Express fees — should be awarded.

McColloch next objects to the fees spent by the Defendants to expedite preparation of [in her words] "every deposition taken," asserting that such costs are not taxable under § 1920. Docket No. 169 at 3. Contrary to McColloch's representation, such costs are allowed under §1920, so long as they are reasonably necessary to the litigation. *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 - 26 (11th Cir. 2002). McColloch's assertion is also factually incorrect, as the invoices demonstrate that the Defendants did not expedite the preparation of every deposition. Docket No. 167. McColloch offers no evidence or argument that the expediting costs were not necessary to the litigation. Nonetheless, the Defendants have voluntarily withdrawn their requests for costs for expediting the transcripts of Murray Coleman, Ruth Hamm, and Bob Sanchez. Docket No. 171 at 11,

n.5. This results in a reduction of $391.05 in the amount sought for the Coleman deposition, $70.30 for the Hamm deposition, and $620.15 for the Sanchez deposition.[4]

McColloch also objects to the cost of transcribing a pre-trial hearing on October 15, 2003. Docket No. 169 at 3. The Defendant contends that the transcription cost was reasonably necessary, and the Court agrees. The topic addressed before the undersigned at the pre-trial discovery hearing — the relevance of McColloch's relationship with Murray — was also addressed by Judge Antoon when resolving McColloch's motions in limine. Transcription of the earlier hearing permitted Judge Antoon to take the earlier determinations into consideration. Docket No. 171 at 12 - 13. The cost should be allowed.

McColloch objects to the cost of deposing Pierre Lubold on the ground that Lubold "was not listed by the Plaintiff in her Rule 26 disclosures, or pursuant to the Court's Scheduling Order as an expert." Docket No. 169 at 4. However, Lubold examined McColloch at the request of her expert psychiatrist, who incorporated Lubold's report into his own. Docket No. 171 at 13. Lubold's deposition was therefore necessary, even though McColloch did not list him as one of her witnesses or experts.

McColloch complains that counsel for the Defendants "needlessly prolonged" the depositions of Robert Lesnee and Denise Murray and that the costs of those depositions should therefore not be taxed to her. Docket No. 169 at 4. However, McColloch points to no evidence from which the Court might conclude that the Murray deposition was improperly extended. She does provide four citations

---

[4] According to the Defendants and the invoices attached to the bill of costs, the expedited transcript preparation fee was double the normal transcript preparation fee. Thus, to determine the proper amount to be deducted, the Court has divided the "Expedited Original" amount from each invoice by two.

to instances in the Lesnee deposition where, she says, such improper behavior is demonstrated. Docket No. 169 at 4. However, she does not provide the pertinent excerpts, and the Court cannot locate the Lesnee deposition anywhere in the record. Even if the Court were to review and agree with McColloch's interpretation of the cited passages, however, she has pointed to only four pages of allegedly improper behavior in a deposition that, based on her page citations, exceeds 300 pages in length. Even if the Defendants had "needlessly prolonged" the deposition by this scant amount, it would not justify a refusal to award costs.

McColloch next complains of an attendance fee of $95 paid to Mary Lewis, an employee of one of the Defendants. Docket No. 169 at 4. The Defendants contend that Lewis was paid $51 in witness fees — a $40 attendance fee, and $11 in mileage fees — rather than the $95 claimed by McColloch. The records attached to the bill of costs support the Defendants' contention.[5] According to the Defendants, Lewis testified as a fact witness, rather than as a representative of the Defendants. Docket No. 171 at 15. There is no suggestion that she was, in effect, a party to this litigation. Therefore, the cost of her witness fee should therefore be awarded to the Defendants, just as would be the case with any other witness. *See*, *e.g.*, *Simmons v. McLean Trucking Co.*, 100 FRD 61, 63 (D.Ga. 1983) (awarding witness fees, pursuant to 28 U.S.C. § 1821, for days that individual testified, even though individual was representative of the defendant and attended entire trial in that capacity).

---

[5]Those records show that Accurate Orlando Reporters received a $95 attendance fee for Lewis's December 2003 deposition, and the Court assumes that this payment is the source of McColloch's confusion. As McColloch's only stated ground for this objection is Lewis's status as an employee of one of the parties in the suit, the Court assumes that she meant to object to the $51 paid to Lewis rather than the $95 paid to the reporting service. The Court also notes that McColloch appears to have made the same mistake in regard to Denise Murray's deposition. She argues that Murray received $605 in attendance fees, Docket No. 169 at 4, while the records show that amount was paid to Accurate Orlando Reporters.

Thus, in this category, the Court recommends that $282.15 in Federal Express fees be deducted, as well as $391.05 for the Coleman deposition, $70.30 for the Hamm deposition, and $620.15 for the Sanchez deposition. This results in a total deduction of $1,363.65.

### C.     Fees and Disbursements for Printing

In this category, McColloch objects to the entire $1,750.86 sought by the Defendants on the ground that "there is no specificity as to what was copied and for what use." Docket No. 169 at 5. Contrary to this representation, the bill of costs includes descriptions of each item for which costs are sought, such as "plaintiff's trial exhibits" or "copies of personnel files".

McColloch also objects to that portion of an August 6, 2003 copying invoice that represents Federal Express charges. Because the Federal Express charge is not separated out from the copying charge, McColloch contends the invoice's $142.50 total should be deducted from the amount sought by the Defendants. Docket No. 169 at 5. The Defendants do not attempt to defend the necessity of this Federal Express fee or otherwise respond to McColloch's objection on this point. Accordingly, McColloch prevails on this point. The Court should deduct $142.50 from the amount sought by the Defendants.

### D.     Fees for Witnesses

McColloch objects to fees for six of the Defendants' witnesses who either did not appear at trial or did not testify. Docket No. 169 at 5. The Defendants respond that three of those witnesses — Herndon Harding, Denise Murray, and Kathleen McGuiness — were expected to testify in the damages phase of these bifurcated proceedings, which never occurred. Docket No. 171 at 16 - 18. The Defendants assert that the other three witnesses — Richard Gaetano, Alejandro Olivera, and Beth Reiber — were present to testify regarding instances of alleged sexual harassment of their former co-

worker, McColloch. The Defendants say that after seeing the evidence presented by McColloch in her case in chief, they made tactical decisions not to call the former co-workers. The Court finds that the presence of all six of these witnesses was reasonably necessary, and the costs associated with their attendance should be awarded to the Defendants.

McColloch also objects to the $45 fee paid to Todd Schoening at a witness preparation meeting. Docket No. 169 at 6. The Defendants have withdrawn their request for this amount, Docket No. 171 at 18, and therefore this $45 should be deducted from the amount sought by the Defendants.

### E. Fees for Exemplification and Copies

McColloch also makes a blanket objection to the $2,701.06 sought by the Defendants for photocopying costs. Docket No. 169 at 6. McColloch points out that the records attached to the bill of costs simply describe the number of pages copied and the date on which the copies were made, with no other description. Docket No. 169 at 6. The Defendants argue that they are not required to provide a detailed description of every piece of paper copied. Docket No. 171 at 19. They assert that they "reviewed their records" of the 40,516 copies and "reasonably estimated" that at least two-thirds of those copies were necessarily obtained for use in the case, resulting in the request for $2,701.06 (at 10 cents per page). Docket No. 171 at 19. As adjusted, the amount is reasonable for a case this size. The only other alternative is for the Court to examine the pages in Court — a procedure not requested by the parties or required by law. As such, the Defendants have met their burden and should be awarded the entire amount sought.

**F.     Mediation and Other Costs**

The Defendants have withdrawn their request for $421.87 in mediation costs. Docket No. 171 at 20, n.6. This was the only item in this category to which McColloch objected. Docket No. 169 at 6. The $421.87 should therefore be deducted from the amount sought by the Defendants.

Thus, in total, the Court finds that $2,032.02 ($59.00 plus $1,363.65 plus $142.50 plus $45.00 plus $421.87) ought to be deducted from the amount of costs sought by the Defendants. Subtracting this amount from the $28,072.23 sought by the Defendants in their bill of costs [Docket No. 167] would result in a cost award of $26,040.21.

**IV.    Conclusion**

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Response to Motion to Tax Costs [Docket No. 169], which this Court treats as a motion, be **GRANTED IN PART and DENIED IN PART**, and that the Defendants be awarded $26,040.21 on their bill of costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 27, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Courtroom Deputy